IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUZETTE ROBINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAINA'S RESIDENTIAL )<br>PROPERTY MANAGEMENT, )<br>LLC, an Idaho Limited Liability )<br>Company; VENTURE 66, LLC, an )<br>Idaho Limited Liability Company; )<br>MONTE MCCLURE, an Individual; )<br>JAMES WALLACE, an Individual; )<br>and Individuals JOHN DOES A-J )<br>and JANE DOES A-J, )<br>)<br>Defendants. )<br>_____ ) | Case No. CV-05-152-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it plaintiff Robinson's Motion to Amend to add punitive damages. (Docket No. 29) The Court heard oral argument on June 29, 2006, and took the motion under advisement. The Motion for Extension of Time (Docket No. 45) on the Motion to Amend is deemed moot, as the Court heard arguments on the Motion to Amend. The Court issued a ruling from the bench

**Memorandum Decision and Order – Page 1**

denying the motion as to the property owners. For the reasons expressed below, the Court will deny the motion as to the property managers.

## ANALYSIS

Robinson's motion is governed by Idaho Code § 6-1604(2), and the Idaho case law interpreting that statute. An award of punitive damages requires a bad act committed with a bad state of mind. Robinson has the burden of showing that defendants (1) acted in a manner that was an extreme deviation from reasonable standards of conduct with an understanding of – or disregard for – its likely consequences, and (2) acted with an extremely harmful state of mind, described variously as with malice, oppression, fraud, gross negligence, wantonness, deliberately, or willfully. *Meyers v. Workmen's Auto Ins.* Co., 95 P.3d 977 (Id. 2004).

At trial, these elements must be shown by clear and convincing evidence. *See* Idaho Code § 6-1604(1). For purposes of this motion to amend, however, Robinson does not need to meet this high burden – she need show only "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." *See* Idaho Code § 6-1604(2).

To determine if Robinson has met her burden, the Court will assume that all her allegations are true. In this case, there is a long history of roof leakage, dating

**Memorandum Decision and Order – Page 2**

back years before Robinson became a tenant in 2004. When she moved in, she knew the unit was in bad shape, as there was extensive visible water damage that she noted on her initial inspection.

Robinson signed a month-to-month lease with a minimum term of six months. During those first six months – April to October of 2004 – Robinson begged the manager on numerous occasions to fix the leaks to no avail.

The six-month minimum term expired in October of 2004, giving Robinson the opportunity to move. By this time she knew of the leaks and knew that management was breaking its promises to repair the leaks. Nevertheless, Robinson decided to sign a Lease Renewal, relying on management's promises to repair the leaks.

To this point, Robinson has shown that she lived in a dilapidated unit with unresponsive management. While these facts may support civil liability, they are not so outrageous as to support punitive damages. The Idaho courts reserve punitive damages for extraordinary circumstances and have not used them in the past to punish lazy landlords. Certainly the wider use of punitive damages may cure many ills, but the Idaho courts have not applied them so broadly, and this Court is bound by those rulings.

Robinson does, however, make two more serious allegations, concerning

**Memorandum Decision and Order – Page 3**

retaliation and a risk to her health. These allegations come closer to the outrageous requirement, and demand close attention.

First, Robinson alleges that defendants retaliated against her for threatening to sue. The record shows otherwise. Juli Stacy testified that she notified Robinson at some time around December 8, 2004, that "the owners had determined that the repairs to the roof would be more expensive than the value of the trailer and that, therefore, the trailer should be retired." *See Affidavit of Stacy* at ¶ 12.

There is no rebuttal to this in the record. Thereafter, on December 14, 2004, Robinson threatened to sue if the leaks were not fixed. Thus, by the time Robinson threatened suit, the defendants had already decided to retire the unit. There is no evidence that the unit was not in fact retired. Given Robinson's allegations it was in very poor shape, the owners' decision to retire the unit sounds less like retaliation and more like a reasonable business decision. But the Court need not decide that matter – it is enough to find that under this record, Robinson does not have a reasonable likelihood of proving that defendants terminated her lease in retaliation for her threats to sue.

A second factor must also be given serious consideration. Robinson alleges that defendants were not just unresponsive, but dangerously so, given her medical condition that made exposure to mold hazardous to her health. However, the

**Memorandum Decision and Order – Page 4**

record shows that Robinson did not make her condition known to defendants until December 20, 2004. Again, under this record, Robinson does not have a reasonable likelihood of proving that defendants committed outrageous acts by failing to repair leaks despite knowing that Robinson suffered health problems associated with mold.

For all of these reasons, the Court will deny the motion to amend to add punitive damages.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion to Amend (Docket No. 29) is DENIED.

Additionally, the Motion for an Extension of Time to File Affidavits, or Motion to Continue Hearing on Motion to Amend Complaint, is DENIED as Moot. (Docket No. 45).

DATED: **July 27, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 5**